UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                     :

GALA JEWELRY, INC.,                       :

                                     :

                Plaintiff,       :

                                     :          05 Civ. 7713 (GEL)

        -v-                      :

                                     :        **OPINION AND ORDER**

ALBERT L. HARRING,               :

                                     :

                Defendant.    :

                                     :
-------------------------------------------------------------x

Stuart L. Sanders, Kazlow & Kazlow, New York,
New York, for Gala Jewelry, Inc.

Michael A. Kaufman, New York, New York, for
Albert L. Harring.


GERARD E. LYNCH, District Judge:

      In this dispute over missing goods between a jewelry distributor and its former sales

representative, defendant Harring moves for summary judgment on the affirmative defense that

plaintiff litigates with "unclean hands" and thus should be barred from recovery.  In the

alternative, Harring requests that plaintiff Gala Jewelry, Inc.'s ("Gala") recovery be capped at

either of two amounts less than the damages claimed.[1]  Gala opposes and cross-moves that

Harring's "unclean hands" defense be stricken.  Defendant's motion will be denied, and

plaintiff's cross-motion to strike will be granted.

---

    [1] Harring also proposes he be granted judgment now because plaintiff has no "reliable"
evidence of its damages.  (D. Mem. 3)  As the reliability of evidence is an issue for the factfinder
at trial and is not a basis for summary judgment, that argument plainly is without merit.

Plaintiff's complaint alleges that Harring sold jewelry on its behalf pursuant to a written contract, under which he was accountable for the jewelry entrusted to him for sale. (Compl. ¶ 5.) In approximately October 2004, it is alleged, a quantity of Gala's jewelry in Harring's possession went missing. (Id. ¶¶ 6, 7, 8.)

Gala filed a complaint against Harring in New York state court, alleging breach of contract, negligence, and conversion, and claiming damages of $922,377. (See Compl.) Harring then removed the case to federal court, where he moved that it be dismissed or transferred to a different venue. That motion was denied in an oral opinion on December 2, 2005. (See 12/2/05 Tr. at 11-17.) Harring subsequently answered, asserting counterclaims that Gala owes him for work he performed, along with various affirmative defenses. (See Answer.)

Harring now argues that Gala acted with "unclean hands" by "grossly overstating its damages" and that this Court should therefore exercise equitable discretion to bar Gala from recovery. (D. Mem. 1.) Harring cites no authority – nor has the Court discovered any – providing that claiming more damages than can ultimately be proved is conduct falling anywhere within the scope of the "unclean hands" doctrine.[2] While there is ample authority that courts may deny relief to litigants guilty of unconscionable conduct in relation to the matter in which relief is sought, see, e.g., Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814-16 (1945); Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 244-46 (1933); Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 112

---

[2] Nor does Harring demonstrate, in any case, that plaintiff is unable to prove the maximum amount of damages it has claimed during the course of this litigation. Indeed, Gala cites evidence that could support its initial claim of $922,370. (P. Mem. 7, citing record.) The amount of damages, if any, to which Gala may be entitled is a factual issue for trial.

(S.D.N.Y. 2005); Goldstein v. Delgratia Mining Corp., 176 F.R.D. 454, 458 (S.D.N.Y. 1997),

Harring's descriptions of plaintiff's conduct suggest nothing unconscionable or even out of the

ordinary in civil litigation.  Indeed, Gala correctly cites case law declining to punish plaintiffs

who exaggerated their claims or rejected settlement by denying them interest on judgments

ultimately won.  See, e.g., Schroeder v. Tug Montauk, 358 F.2d 485, 488 (2d Cir. 1966);

Interstate Steel Corp. v. S.S. Crystal Gem, 317 F. Supp. 112, 123 (S.D.N.Y. 1970).  A fortiori,

these cases counsel against employing the Court's equitable powers to eject a merely

overambitious plaintiff entirely from the courtroom.

Defendant essentially complains that plaintiff's demand for sizeable damages has

precluded settlement and forced him to continue with costly litigation.  He neither argues nor

demonstrates that the underlying litigation itself is frivolous or malicious or otherwise improper.

Instead he restricts his grievance to plaintiff's apparent insistence on seeking certain damages in

settlement talks and at trial.  But evidence of conduct (obstinate or otherwise), statements, or

amounts discussed in settlement is inadmissible.  Fed. R. Evid. 408.  Harring has stated no

plausible rationale for the Court to consider such evidence and penalize Gala for continuing to

seek any particular award.  Indeed, to do so would invite pre-trail bad-faith motions in almost

every civil action.[3]  That Gala may initially have demanded more than it can ultimately prove is

no reason to deny Gala any damages it *can* prove.

---

[3] Plaintiff correctly points out that the law of this circuit restricts the "unclean hands" doctrine to suits in equity, thereby categorically defeating defendant's attempted defense in this suit at law.  See Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 607 (2d Cir. 2005) ("Unclean hands is an equitable defense to equitable claims. Because [defendant-counter claimant] seeks damages in an action at law, Aetna cannot avail itself of unclean hands as a defense.") (citations omitted).  Even if, as defendant insists, there may be exceptions to that rule where circumstances and justice require, see Keystone, 290 U.S. at 245-46, this case presents no such exceptional circumstance.

In light of the legal insufficiency of defendant's "unclean hands" defense, Gala's motion

to strike that defense pursuant to Rule 12(f), Fed. R. Civ. P., must be granted.[4]  As the parties

agree (see D. Mem. 4, P. Mem. 10), such motions are generally disfavored.  Salcer v. Envicon

Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated and remanded on other grounds, 478

U.S. 1015 (1986); Federal Deposit Ins. Corp v. Ornstein, 73 F. Supp. 2d 277, 279-80 (E.D.N.Y.

1999).  In this case, however the standard for granting such a motion is met.

Defendant's motion in the alternative to limit plaintiff's damages also fails, as he has not

established the lack of a dispute as to greater damages.[5]  Summary judgment may only be

granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits . . . show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A

"genuine issue of material fact" exists if the evidence is such that a reasonable factfinder could

find in favor of the non-moving party.  Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir.

2001).  The moving party bears the burden of establishing the absence of any genuine issue of

material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  At the summary

judgment stage, the court must "resolve all ambiguities and draw all reasonable references in the

---

[4] To the extent that plaintiff, via affidavit of counsel (Sanders Aff. 6), also moves for fees and costs related to this motion, that request is denied for lack of a basis and – if sought as a sanction under Rule 11, Fed. R. Civ. P. – also for failure to comply with the requirements of Rule 11(c)(1)(A).

[5] The motion must be denied even if much of defendant's statement of undisputed facts is deemed admitted for purposes of this motion – as defendant urges that it be (D. Rep. Mem. 6, n.2) – because of plaintiff's failure to follow the procedure of Local Rule 56.1 for controverting such facts.  The only portion of defendant's statement conceivably relevant to this motion amounts to a conclusion of law, which the Court hardly need accept as a statement of fact, let alone as an undisputed one: "Plaintiff was never was [sic] entitled to $922,377.00 as requested in its initial complaint."  (D. Rule 56.1 Stmt. ¶ 11.)

light most favorable to the party opposing the motion," Cifarelli v. Babylon, 93 F.3d 47, 51 (2d

Cir.1996), and it may not make any credibility assessments or weigh the evidence.  Weyant v.

Okst, 101 F.3d 845, 854 (2d Cir.1996).

     Harring first argues a damages limit of $198,496, based on a document allegedly sent

him by a former Gala employee prior to commencement of this litigation.  While defendant may

be able to employ this document and the anticipated related testimony of various Gala-associated

individuals to his advantage at trial, he has by no means demonstrated the dispositiveness of the

document, described merely as a "cost sheet" of the missing jewelry (D. Mem. 7, citing record),

nor remotely established that his notion of the "value of the jewelry" (id.), satisfies the legal

measure of damages in this case.

     Harring next proposes another theory for limiting damages, citing a document (D. Ex. J)

and the testimony of a Gala officer indicating that Gala had insured the jewelry in Harring's

possession for $150,000 and had assumed the risk of loss above that amount.  (D. Mem. 14.)  But

there is no basis for Harring's assumption that as a matter of law the value of the missing jewelry

equals the insured amount, particularly in light of the testimony that Gala had assumed the risk

of a larger loss.  That Gala elected to self-insure a part of the loss – as a factfinder could

conclude from this evidence – does not preclude it from offering evidence it argues will show

damages exceeding the insured amount.  (See Sanders Aff. and exhibits.)  Harring's evidence on

damages may well prove persuasive at trial, and his view of the amount of damages involved in

this case may well be adopted by the jury.  At this stage, however, his position is by no means

conclusive.  Gala has asserted its own damages estimate, supported by evidence that it has a right

to present to a factfinder at trial.  As Harring has failed to negate the existence of a genuine issue

of fact as to the proper amount of recovery in this case, his motion for partial summary judgment to limit Gala's damages is denied.

For the foregoing reasons, defendant's motion for summary judgment or in the alternative for partial summary judgment limiting damages is denied, and plaintiff's cross-motion to strike defendant's affirmative defense of "unclean hands" is granted.

SO ORDERED.

Dated: New York, New York
        December 18, 2006

GERARD E. LYNCH
United States District Judge